In the
# UNITED STATES COURT OF APPEALS
for the Seventh Circuit

## No. 22-2665

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**RICKEY CLAYBRON,**

**Defendant-Appellant.**

On Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 16 CR 50030 — Iain D. Johnston, *Judge.*

## BRIEF OF THE UNITED STATES

MORRIS PASQUAL
Acting United States Attorney
for the Northern District of Illinois
219 South Dearborn Street, 5th Floor
Chicago, Illinois  60604
(312) 353-5300

STUART D. FULLERTON
Assistant United States Attorney

JESSICA MAVEUS
Assistant United States Attorney

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................ii

JURISDICTIONAL STATEMENT ................................................................. 1

ISSUES PRESENTED FOR REVIEW ........................................................... 1

STATEMENT OF THE CASE ......................................................................... 1

SUMMARY OF ARGUMENT ......................................................................... 6

ARGUMENT ..................................................................................................... 6

    I.    The District Court Need Not Consider Proposed Amendments to the Sentencing Guidelines ................................................................. 6

        A.    Standard of Review.......................................................................... 6

        B.    Analysis ............................................................................................ 7

    II.    Hobbs Act Robbery is a Crime of Violence ....................................... 10

        A.    Standard of Review........................................................................ 10

        B.    Analysis .......................................................................................... 10

CONCLUSION................................................................................................ 13

# TABLE OF AUTHORITIES

## Cases

*Johnson v. United States* 135 S. Ct. 2551 (2015) ............................................ 11

*United States v. Alexander,* 553 F.3d 591, 592 (7th Cir. 2009) ....................... 10

*United States v. Anglin* 846 F.3d (7th Cir. 2017) ............................................ 11

*United States v. Harris* 51 F.4th 705 (7th Cir. 2022) ................................... 6, 7

*United States v. McHaney* 1 F.4th 489 (7th Cir. 2020) .................................. 11

*United States v. Rivera* 847 F.3d 847 (7th Cir. 2017) .................................... 11

*United States v. Tanner* 544 F.3d 793 (7th Cir. 2008) ..................................... 9

*United States v. Tanner* 628 F.3d 890 (7th. Cir. 2010) .................................... 7

*United States v. Taylor* 142 S. Ct. 2015 (2022) .......................................... 4, 12

*United States v. Vesey* 966 F. 3d 692 (7th Cir. 2020) ..................................... 10

*United States v. Worthen* 60 F.4th 1066 (7th Cir. 2023) ............................ 6, 12

## Statutes

18 U.S.C. § 924(c) ................................................................................ 1, 4, 11, 12

18 U.S.C. § 924(c)(3)(A) ........................................................................ 6, 11, 12

18 U.S.C. § 1951(a) .......................................................................................... 1, 11

18 U.S.C. § 3553 .................................................................................................... 8

18 U.S.C. § 3553(a)(4) ...................................................................................... 6, 8

18 U.S.C. § 3553(a)(4)(A)(ii) .............................................................................. 9

18 U.S.C. § 3582(c) ............................................................................................ 10

## Sentencing Guidelines

United States Setencing Guidelines § 1B1.11(a) ................................................ 9

United States Sentencing Guidelines § 4A1.1 ..........................................passim

United States Setencing Guidelines § 4A1.1(d) .................................................. 1

## JURISDICTIONAL STATEMENT

Defendant-Appellant's jurisdictional statement is complete and correct.

## ISSUES PRESENTED FOR REVIEW

1.     Whether the case should be remanded for the limited purpose of resentencing in light of a proposed amendment to United States Sentencing Guideline § 4A1.1(d).

2.     Whether Hobbs Act robbery, 18 U.S.C. § 1951(a), qualifies as a predicate "crime of violence" for purposes of conviction under 18 U.S.C. § 924(c).

## STATEMENT OF THE CASE

### *Indictment and Trial*

Defendant and his coconspirators conspired to commit a series of armed robberies between October 28 and November 13, 2005. These robberies were violent and each involved multiple coconspirators brandishing firearms, and in some instances, assaulting and shooting store clerks.

### *H & A Tobacco Robbery*

On October 28, 2015, defendant and two coconspirators entered the H & A Tobacco store during operating hours and while customers were present, to include a woman and her two small children. PSR,[1] G. Version p. 2. Defendant

---

[1] Citations to the Original Electronic Record and Supplemental Record on appeal are designated as "R." followed by the district court document number. The transcript of the sentencing hearing, R. 315, is cited as "S.Tr." followed by the page number.

pointed a gun at the store clerk behind the counter while the robbery crew worked together to rob the store of cigarettes, cash, and the clerk's personal belongings. *Id.* During the robbery, defendant struck the clerk in the head with his gun and made the clerk lie on the floor. *Id.* Several cartons of cigarettes were stolen, along with cash from the register and from behind the register, as well as the clerk's wallet and cell phone, and the store owner's firearm. *Id.*

### *Advance Auto Robbery*

On November 2, 2015, defendant and his coconspirators entered Advance Auto Parts during store operating hours. PSR, G. Version p. 2. Defendant as well as other coconspirators were armed with firearms, which they used to threaten and assault the two store clerks. *Id.* Security camera footage shows the robbery crew forcing the store clerks to open a safe and multiple registers throughout the store at gunpoint, including by striking one of the clerks in the head with a gun. *Id.* At one point, one of the clerks fled from the store and was shot at by one of the robbers. *Id.* The robbery crew then attempted to flee the store, only to discover that they were locked inside the business, causing two robbers to shoot out the front door through which some of them escaped. *Id.*

---

Citations to the defendant's brief are designated as "Br." followed by the page number.  Citations to the Updated Presentence Investigation Report (dated August 10, 2022) are designated as "PSR" followed by the page number.

The robbers made off with cash from the business and cash from one of the clerks. *Id.*

### *Zake Convenience Attempted Robbery*

On November 5, 2015, defendant and several coconspirators entered Zake Convenience store and attempted to rob the clerk secured behind a plastic partition. PSR, G. Version p. 2. Defendant and another coconspirator were both armed with firearms. *Id.* Defendant pointed his gun directly behind the partition at the storeowner, who was behind the counter with his teenaged sons. *Id.* Another robber attempted to kick at a door to gain entry behind the counter but was unsuccessful. *Id.*

### *Shell Express Robbery*

On November 13, 2015, in the most violent of these robberies, defendant and his coconspirators entered the Shell Express gas station where they assaulted and robbed patrons and shot a store employee. PSR, G. Version, p. 3. Defendant was armed with a sawed-off shotgun, which he brandished as he manned the door. *Id.* Defendant's coconspirators jumped over the counter, immediately shooting one of the clerks in the back. *Id.* Defendant's coconspirators wrestled with the two store clerks, ordering them at gunpoint to open the cash registers. *Id.* Defendant proceeded to the back of the store and used his shotgun to rob a woman who was hiding. *Id.* Another patron hid in the refrigerated coolers. *Id.* After robbing the woman, defendant went to the

front of the store and struck one of the store clerks in the head with his shotgun, causing a laceration to her head. *Id.* Cash and cigarettes were stolen from the Shell Express, and cash was stolen from the female patron. *Id.*

At defendant's jury trial, the government presented evidence of defendant's involvement in each of the counts alleged against him, to include video surveillance captured from each of the robberies, as well as certain physical and DNA evidence, statements made by defendant, and statements made by defendant's coconspirators. Defendant was found guilty of all charges alleged against him in the superseding bill of indictment (Counts 1 – 9). PSR ¶ 16.

Prior to sentencing, the United States Supreme Court issued a decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), holding that attempted Hobbs Act robbery was not a "crime of violence" to support a conviction under 18 U.S.C. § 924(c). Based upon this decision, the government moved to dismiss defendant's conviction for 924(c) (Count 7) predicated upon the attempted robbery of the Zake Convenience store prior to sentencing. R. 307.

### *Sentencing*

The Probation Department calculated defendant's criminal history points as 11. PSR ¶ 97. Two points were added pursuant to Guideline § 4A1.1 because defendant was on parole when he committed the robberies, thereby increasing defendant's criminal history points to 13, placing him in criminal

history category VI. *Id.* ¶ 98-99. The combined adjusted offense level for the Hobbs Act robbery counts was 30, resulting in a guidelines range of 168 – 210 months' imprisonment. *Id.* ¶ 156. There were no objections or modifications to the PSR by defendant and the sentencing hearing proceeded. S. Tr. 6.

At sentencing, the district court judge adopted the sentencing guidelines as laid out in the PSR and sentenced defendant to 168 months' imprisonment for the conspiracy and Hobbs Act robbery convictions (Counts 1, 2, 4, 6 and 8), to be followed by a consecutive sentence of 324 months' imprisonment (the statutory minimum) for the remaining 924(c) counts (Counts 3, 5 and 9), for a total sentence of 492 months' imprisonment. R. 309. At the sentencing hearing, the district court judge commented on the sentence imposed and the nature of the offense, stating,

> It wasn't a one-off robbery. It was a series of robberies. It was by all definitions a crime spree. So that is the nature and circumstances of these offenses that I have to consider. And by sentencing Mr. Claybron to 27 years, which would be the statutory minimum, I am completely dismissing those actions and that behavior and the trauma and effect on those people and this community. The last thing this community needs is people on crime sprees running around with sawed-off shotguns, shooting places up, shooting at people, shooting people in the back, hitting them over the head with a sawed-off shotgun.

S. Tr. 39.

## SUMMARY OF ARGUMENT

1.      The Court has no obligation to consider, and should not consider, the proposed amendment to U.S.S.G. §4A1.1 which was not proposed at the time of defendant's sentencing and which will not take effect until November 2023 absent Congressional action. Imposing a sentence in anticipation of ratification of the proposed amendment is inconsistent with the language of 18 U.S.C. § 3553(a)(4), that the court impose a sentence that considers the sentencing guidelines "in effect on the date defendant is sentenced."

2.      Hobbs Act robbery has as an element the use, threatened use, or attempted use, of force. In the ordinary case, robbery involves placing a person in fear through the explicit or implicit threat of physical force. Therefore, Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A). Defendant concedes that his contention that Hobbs Act robbery is not a crime of violence is foreclosed by this Court's recent decision in *United States v. Worthen*, 60 F.4th 1066 (7th Cir. 2023). Br. 2.

## ARGUMENT

### I.    The District Court Need Not Consider Proposed Amendments to the Sentencing Guidelines.

#### A.    Standard of Review

Defendant failed to raise this claim with the court below at the sentencing hearing and has thus forfeited his argument. Arguments that have been forfeited are reviewed for plain error only. *United States v. Harris,* 51

6

F.4th 705, 711-12 (7th Cir. 2022). On plain-error review, a defendant is required to show that (1) the error complained of actually occurred; (2) the error was clear or obvious; (3) the error affected his substantial rights; and (4) the error seriously impugned the judicial proceeding's fairness, integrity, or public reputation. *United States v. Tanner*, 628 F.3d 890, 898 (7th. Cir. 2010).

### B.     Analysis

Defendant asks this Court for a limited remand to allow the district court to reconsider defendant's sentencing in light of a proposed amendment to Guideline § 4A1.1. Br. 8.

Defendant's argument is meritless and his request should be denied as he can show no error, much less one that was plain or obvious, occurred. Defendant was sentenced in September 2022, and defendant can point to no error committed by the district court in failing to consider an amendment to the sentencing guidelines that was not proposed until April 5, 2023, nearly six months after defendant's sentencing date. *See* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-RF.pdf at 70. Currently, the United States Sentencing Commission has proposed an amendment to Guideline § 4A1.1 that would reduce the number of points applied to a defendant's criminal history category for committing an offense while on a sentence of supervision, also known as "status points." D. App. 24. The amendment

proposes that for a defendant, like Mr. Claybron who was on parole when he committed the robberies and who has seven or more criminal history points, one additional point would be added to their criminal history category, instead of two points as the Guideline is currently written.[2] *Id.*

This amendment has not yet been adopted, and Congress has the right to reject or modify the proposed amendment to Guideline § 4A1.1 until November 1, 2023. At the time of sentencing in September, 2022, the district court could not consider this proposed Guideline amendment as it did not exist. Moreover, imposing a sentence in anticipation of proposed amendments to the Guidelines is inconsistent with the court's obligations under 18 U.S.C. § 3553 to impose a sentence that considers the sentencing range "in effect on the date the defendant is sentenced." *See* 18 U.S.C. § 3553(a)(4).

Defendant cannot show plain error. The amendment was not proposed at the time of defendant's sentencing and did not exist—the district court cannot be faulted for failing to consider it. Further, the court's failure to consider a not-yet proposed amendment cannot be said to have affected defendant's substantial rights: he had no right to have such amendment

---

[2] Defendant accurately calculates that if he were to be sentenced under the proposed amendment to § 4A1.1, his criminal history points would equal 12, lowering his criminal history category to V, thereby reducing the Guidelines range to 151-188 months. The district court's sentence of 168 months' imprisonment falls squarely within defendant's calculated Guidelines range.

considered at the time of his sentencing in September 2022. Lastly, since there
was no error, nothing about defendant's sentence would bring the judiciary into
disrepute—he was sentenced in accordance with the law at the time of
sentencing. District courts must calculate a defendant's Guidelines range
under the version of the Guidelines applicable at the time of sentencing. *See*
*United States v. Tanner,* 544 F.3d 793, 795 (7th Cir. 2008) ("[T]he required
starting point of [the court's] analysis—namely the guidelines range—is the
range calculated on the basis of the guidelines in force when sentence was
imposed." (internal citations omitted); *see also* 18 U.S.C. § 3553(a)(4)(A)(ii)
(directing the sentencing court to consider the guidelines range established by
the guidelines that are "in effect on the date the defendant is sentenced"), *and*
Guideline § 1B1.11(a), ("The court shall use the Guidelines Manual in effect on
the date that the defendant is sentenced.")

Defendant's request for limited remand for the district court to consider
an amendment to Guideline § 4A1.1 that was not proposed at the time of
defendant's sentencing, which has not yet become effective, and for which
retroactivity remains undecided, should be denied. This court has rejected as
frivolous the same argument even when the amendment was proposed at the
time of defendant's sentencing:

9

> The failure of the defendant's lawyer to have advised the judge of the pending amendment makes the argument frivolous. It would require, that in preparation for sentencing, the judge canvass all the possible sources of information or opinion or insight or advice that might influence him in deciding how severe a sentence to impose. If, after the defendant was sentenced, his lawyer discovered a source of enlightenment that the judge had somehow overlooked in his pre-sentencing research, the defendant would be entitled to be resentenced. The sentencing process would be interminable.

*United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009).

If Congress does not act to disapprove or modify the proposed amendment, and the Sentencing Commission addresses the retroactivity of the amendment, defendant's sentence of imprisonment may be modified pursuant to 18 U.S.C. § 3582(c), "if such reduction is consistent with the policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c).

## II. Hobbs Act Robbery is a Crime of Violence

### A. Standard of Review

This Court reviews *de novo* the question of whether a predicate offense qualifies as a crime of violence. *United States v. Vesey*, 966 F. 3d 692, 696 (7th Cir. 2020).

B.   **Analysis**

Defendant concedes that this Court has decided that Hobbs Act robbery

is a crime of violence for purposes of 18 U.S.C. § 924(c) and that his argument

is foreclosed. Br. 11.

The Hobbs Act makes it unlawful for any person who "in any way or

degree obstructs, delays, or affects commerce or the movement of any article or

commodity in commerce by robbery…." 18 U.S.C. § 1951(a). It defines robbery

as taking or obtaining property from another "by means of actual or threatened

force, or violence, or fear of injury, immediate or future, to his person or

property." *Id.* In *United States v. Anglin,* 846 F.3d at 965 (7th Cir. 2017), this

Court held that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)

because, in the ordinary case, robbery involves placing a person in fear through

an explicit or implicit threat of physical force.[3] This decision was reaffirmed by

this Court in *United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017), which

held "[b]ecause one cannot commit Hobbs Act robbery without using or

threatening physical force . . . . Hobbs Act robbery qualifies as a predicate for

a crime-of-violence conviction." Since then, the Court has remained steadfast

in this position. *See United States v. McHaney*, 1 F.4th 489, 490 (7th Cir. 2020)

---

[3] This decision aligned the Seventh Circuit with every other federal appellate court
to have considered the issue after *Johnson v. United States,* 135 S. Ct. 2551 (2015).
*Anglin,* 846 F.3d at 965 (noting that the Court was, "join[ing] the unbroken consensus
of other circuits to have resolved this question" and citing numerous cases).

("This court has declared several times that Hobbs Act robbery meets the definition of a crime of violence under 18 U.S.C. § 924(c) and thus is a qualifying predicate crime under the statute. We see no cause to alter that precedent.")

Following the Supreme Court's decision in *United States v. Taylor,* 142 S. Ct. 2015 (2022),[4] the Court revisited its analysis of Hobbs Act robbery as a crime of violence in *United States v. Worthen*, 60 F.4th 1066, 1068-1069 (7th Cir. 2023):

> We have determined many times that committing such an act necessarily requires using or threatening force against the person or property of another. We follow the course here and reiterate that the principal offense of Hobbs Act robbery qualifies as a crime of violence within the meaning of § 924(c)(3)(A).

The Court has repeatedly addressed and rejected the same arguments, leaving it well-settled that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), which defendant acknowledges. His argument should be rejected.

---

[4] In 2022, just prior to defendant's sentencing hearing, the Supreme Court ruled that attempted Hobbs Act robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c), which caused the government to dismiss the defendant's conviction for such offense (Count 7), prior to the sentencing hearing. *United States v. Taylor*, 142 S. Ct. 2015 (2022).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this

Court deny defendant's motion and affirm the judgment of the district court.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

STUART D. FULLERTON
Assistant United States Attorney

/s/ *Jessica Maveus*
JESSICA MAVEUS
Assistant United States Attorney

## RULE 32 CERTIFICATION

I hereby certify that this brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5), 32(a)(6), and Circuit Rule 32(b), because it has been prepared using the Microsoft Office Word proportionally-spaced typeface of Century Schoolbook with 13-point font in the text and 12-point font in the footnotes.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By:      /s/ *Jessica Maveus*
JESSICA MAVEUS
Assistant United States Attorney
327 S. Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4453

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, I electronically filed the foregoing Brief of the United States with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted.

By:    /s/ *Jessica Maveus*
JESSICA MAVEUS
Assistant United States Attorney
327 S. Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4453