No. 22-2665
_____

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

RICKEY CLAYBRON,

       Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Illinois, Rockford Division
No. 3:16-cr-50030-1 – Hon. Iain D. Johnston, Presiding

## REPLY BRIEF AND APPENDIX OF
## DEFENDANT-APPELLANT RICKEY CLAYBRON

**BISKUPIC & JACOBS, S.C.**
Vanessa K. Eisenmann, SBN 1084012
Michelle L. Jacobs, SBN 1021706
1045 West Glen Oaks Lane, Suite 200
Mequon, WI  53092
veisenmann@biskupicjacobs.com
mjacobs@biskupicjacobs.com
Office:  262-241-0033
Fax:  866-700-7640

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 2

I.  This Court should order a limited remand to allow the district court to reconsider the sentence on the robbery counts. ...................................... 2

    A.  Standard of Review ......................................................................... 2

    B.  Considering the recent amendment to U.S.S.G. § 4A1.1, the case should be remanded for a limited purpose. ................................... 2

II. The § 924(c) convictions should be reversed because Hobbs Act robbery does not qualify as a predicate "crime of violence." ............................... 6

CONCLUSION ................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

# TABLE OF AUTHORITIES

**Cases**

*Bell v. McAdory*, 820 F.3d 880 (7th Cir. 2016) ................................................. 2, 4
*United States v. Alexander*, 553 F.3d 591 (7th Cir. 2009) ............................. 4, 5
*United States v. Berkowitz*, 927 F.2d 1376 (7th Cir. 1991) ............................... 2
*United States v. Dyer*, 892 F.3d 910 (7th Cir. 2018) ......................................... 2
*United States v. Jones*, 878 F.3d 10 (2d Cir. 2017) ........................................ 1, 4
*United States v. Thompson*, 286 F.3d 950 (7th Cir. 2002)................................ 2

**Statutes**

18 U.S.C. § 3582.................................................................................................... 3
28 U.S.C. § 2106................................................................................................ 1, 2

**Other Authorities**

Press Release, "U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities," *available at* https://www.ussc.gov/about/news/press-releases/august-24-2023 (Aug. 24, 2023)...................................................................................... 4
U.S.S.G. § 4A1.1....................................................................................................2

# INTRODUCTION

In his opening brief, Claybron conceded that his Guidelines were calculated correctly at the time, but argued that, pursuant to this Court's authority under 28 U.S.C. § 2106, the case should be remanded to allow the district court to consider the Sentencing Commission's recently adopted change to the criminal-history calculation, which would lower Claybron's Guidelines range for the robbery counts. In support, Claybron discussed at length a similar case, *United States v. Jones*, 878 F.3d 10 (2d Cir. 2017).

Bafflingly, the government <u>completely ignores Claybron's entire argument</u>, failing to even mention § 2106 or *Jones* in its brief. Accordingly, any opposition to Claybron's <u>actual</u> argument is now waived.

Moreover, on August 24, 2023, the Commission voted to make the criminal-history amendment <u>retroactive</u> effective February 1, 2024. The Commission also made clear that district courts are <u>not</u> precluded from conducting sentence-reduction proceedings and entering orders before February 1, so long as the order is effective on or after that date.

This Court should act in the interests of justice and efficiency and simply remand to the district court for reconsideration of the robbery sentence.

# ARGUMENT

**I.   This Court should order a limited remand to allow the district court to reconsider the sentence on the robbery counts.**

   **A.   Standard of Review**

As set forth in Claybron's opening brief, under 28 U.S.C. § 2106, this Court has broad authority "to order 'such further proceedings to be had as may be just under the circumstances.'" *Bell v. McAdory*, 820 F.3d 880, 884 (7th Cir. 2016) (quoting 28 U.S.C. § 2106 and remanding for further consideration despite no explicit finding of error). The government fails to address § 2106 in its brief.

"It is not this court's responsibility to research and construct the parties' arguments." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). Accordingly, any opposition to the application of § 2106 is now waived. *See, e.g.*, *United States v. Dyer*, 892 F.3d 910, 914 n.1 (7th Cir. 2018) (government waived argument by saving it for Rule 28(j) letter); *see also United States v. Thompson*, 286 F.3d 950, 970 (7th Cir. 2002) (perfunctory arguments are waived).

   **B.   Considering the recent amendment to U.S.S.G. § 4A1.1, the case should be remanded for a limited purpose.**

The government admits that, barring congressional action, effective November 1, 2023, U.S.S.G. § 4A1.1(d) will provide that only <u>one</u> "status" point is added for committing the instant offense while under a criminal-

2

justice sentence, assuming the defendant receives seven or more points for prior convictions. Gov't Br. 7-8. The government also concedes that this amendment would lower Claybron's Guidelines range from 168-210 months to 151-188 months on the robbery counts. *Id.* 5, 8 & n.2.

The government does not dispute that the Commission decided to make this change for a good reason: it found that "status" points add <u>very little</u> to the overall predictive value regarding recidivism that is associated with the criminal-history score (0.2%). App. 29-30.[1] Nor can the government deny that, even though Claybron may be able to file a motion under 18 U.S.C. § 3582(c) to reduce his sentence, he will not have the benefit of appointed counsel at that time.

A recent development also weighs in favor of remand. On August 24, 2023, the Commission voted to allow <u>retroactive</u> application of the criminal-history amendment. Judge Reeves, Chair of the Commission, explained in a press release that the amendment "reflect[s] evidence-based policy determinations that apply with equal force to previously sentenced individuals" and that "[a]pplying these changes retroactively will increase

---

[1] *Available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf (last visited Aug. 22, 2023).

fairness in sentencing."[2] Although orders reducing a defendant's term of imprisonment must have an effective date on or after February 1, 2024, the Commission made clear that district courts may "conduct[] sentence reducing proceedings and enter[] orders" <u>before</u> that date. App. 33-42 (proposed amendment to U.S.S.G. § 1B1.10(e)(2) & app. n.7).[3]

Tellingly, the government <u>completely ignores</u> a very similar case, *United States v. Jones*, 878 F.3d 10, 24 & n.6 (2d Cir. 2017) (Calabresi, J., concurring), despite the fact that Claybron discussed it at length in his opening brief. To repeat, in *Jones*, the Second Circuit found no error but nevertheless remanded for further consideration under § 2106, in light of the lower Guidelines range that then-currently applied. Nor does the government acknowledge this Court's decision in *Bell*, 820 F.3d at 884, which also remanded under § 2106 in the interests of justice—not because of district-court error.

Instead, the government relies on *United States v. Alexander*, 553 F.3d 591 (7th Cir. 2009), but that case is inapposite. In *Alexander*, the defendant

---

[2] *See* Press Release, "U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities," *available at* https://www.ussc.gov/about/news/press-releases/august-24-2023 (Aug. 24, 2023).

[3] *Available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_prelim-retro.pdf (last visited Aug. 28, 2023).

made a different argument—namely, that "since [an amendment] was pending when he was sentenced, the judge should have considered it in deciding what sentence to impose." *Id.* at 592. This Court specifically distinguished its facts from a case where, as here, the defendant was sentenced <u>before</u> the amendment was proposed. *Id.* at 592-93. This Court also concluded that, if the amendment had been made <u>retroactive</u>—as it almost certainly will be in Claybron's case—"[t]hen, unless it was apparent from the sentencing hearing that the judge would have imposed the same sentence . . ., we would remand the case for the judge to decide whether to impose a different sentence in light of the new amendment." *Id.* at 592.[4]

Here, to repeat, Claybron is <u>not</u> arguing that the sentencing judge should have considered the (yet-to-be-proposed) amendment. Claybron is arguing that, because the pending amendment would lower his Guidelines range <u>and</u> is based on solid empirical research (not to mention that the amendment will almost certainly be made retroactive), the judge should be able to reconsider the sentence in the interests of justice. The holding of *Jones*, rather than *Alexander*, speaks to this argument.

---

[4] The government never argues, nor does the record indicate, that the judge here would have given Claybron the same sentence regardless of the Guidelines range. *C.f.* Gov't Br. 5 (quoting S. Tr. 39) (judge rejecting Claybron's recommendation of <u>time-served</u> on robbery counts).

5

## II. The § 924(c) convictions should be reversed because Hobbs Act robbery does not qualify as a predicate "crime of violence."

In his opening brief, Claybron acknowledged that this argument is currently foreclosed by circuit precedent and that this Court is unlikely to reconsider that decision. Claybron nevertheless developed three reasons why Hobbs Act robbery does not qualify as a "crime of violence" to preserve the issue for further review. Opening Br. 12-16.

The government fails to address Claybron's arguments, other than to catalog this Court's recent cases rejecting his position. Gov't Br. 11-12. Accordingly, any further opposition is now waived.

## CONCLUSION

For all of the foregoing reasons, unless subsequent developments indicate that Claybron's § 924(c) convictions should be reversed, his case should be remanded for the limited purpose of allowing the district court to reconsider the length of the robbery sentence, in light of the recent Guidelines amendment.

**BISKUPIC & JACOBS, S.C.**

/s/ Vanessa K. Eisenmann
Vanessa K. Eisenmann
Michelle L. Jacobs

Case: 22-2665  Document: 26  Filed: 08/31/2023  Pages: 20

# APPENDIX TABLE OF CONTENTS

## (Continued from Opening Brief)

U.S.S.C. Proposed Amendment to § 1B1.10 .............................................. App. 33

Case: 22-2665  Document: 26  Filed: 08/31/2023  Pages: 20



# Amendment to the Sentencing Guidelines (Preliminary)

## August 24, 2023

This document contains an unofficial, "reader-friendly" version of the amendment to the policy statement at §1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)), as promulgated by the Commission and made available at the Commission's public meeting on August 24, 2023. As with all amendments that the Commission has voted to promulgate but has not yet officially submitted to the Federal Register for publication, authority to make technical and conforming changes may be exercised and motions to reconsider may be made. Once the amendment has been submitted to the Federal Register, the official text of the amendment will be posted on the Commission's website at www.ussc.gov and will be available in a forthcoming edition of the Federal Register.

## AMENDMENT

**1. RETROACTIVE APPLICATION OF PARTS A AND B, SUBPART 1 OF AMENDMENT 821**

The Commission specified an effective date of **November 1, 2023**, for the amendment listed above.

Case: 22-2665　　Document: 26　　Filed: 08/31/2023　　Pages: 20

| PROPOSED AMENDMENT: | RETROACTIVE APPLICATION OF PARTS A AND B, SUBPART 1 OF AMENDMENT 821 |
|---|---|

**Synopsis of Proposed Amendment:** This proposed amendment would provide for the retroactive application of Parts A and B, Subpart 1 of Amendment 821, subject to a special instruction.

Section 3582(c)(2) of title 18, United States Code, provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to 28 U.S.C. § 994(u), "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." The Commission lists in subsection (d) of §1B1.10 the specific guideline amendments that the court may apply retroactively under 18 U.S.C. § 3582(c)(2).

On April 27, 2023, the Commission submitted to the Congress amendments to the sentencing guidelines, policy statements, official commentary, and Statutory Index, which become effective on November 1, 2023, unless Congress acts to the contrary. *See* U.S. Sent'g Comm'n, "Notice of submission to Congress of amendments to the sentencing guidelines effective November 1, 2023, and request for comment," 88 FR 28254 (May 3, 2023). Parts A and B, Subpart 1 of Amendment 821 (Amendment 8 of the amendments submitted to Congress on April 27, 2023), pertaining to criminal history, have the effect of lowering guideline ranges for certain defendants. Part A of Amendment 821 limits the overall criminal history impact of "status points" (*i.e.*, the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status) under §4A1.1 (Criminal History Category). Part B, Subpart 1 of Amendment 821 creates a new Chapter Four guideline at §4C1.1 (Adjustment for Certain Zero-Point Offenders) providing a decrease of two levels from the offense level determined under Chapters Two and Three for defendants who did not receive any criminal history points under Chapter Four, Part A and whose instant offense did not involve specified aggravating factors.

The proposed amendment would include Parts A and B, Subpart 1 of Amendment 821 in the listing in §1B1.10(d) as an amendment that may be available for retroactive application, subject to a special instruction stating as follows:

> The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.

The proposed amendment also provides a new application note clarifying that this special instruction does not preclude the court from conducting sentence reduction proceedings and

1

entering orders before February 1, 2024, provided that any order reducing the defendant's term of imprisonment has an effective date of no earlier than February 1, 2024.

The Commission is considering the delay in the effective date of any orders granting sentence reductions based on Parts A and B, Subpart 1 of Amendment 821 (1) to give courts adequate time to obtain and review the information necessary to make an individualized determination in each case of whether a sentence reduction is appropriate, (2) to ensure that all defendants who are to be released have the opportunity to participate in reentry programs while still in the custody of the Bureau of Prisons, to the extent practicable, and (3) to permit those agencies that will be responsible for defendants after their release to prepare for the increased responsibility. As a result, defendants cannot be released from custody pursuant to retroactive application of Parts A and B, Subpart 1 of Amendment 821 before February 1, 2024.

**Proposed Amendment:**

**§1B1.10.  Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)**

    (a)  AUTHORITY.—

        (1)  IN GENERAL.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

        (2)  EXCLUSIONS.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

            (A)  none of the amendments listed in subsection (d) is applicable to the defendant; or

            (B)  an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

        (3)  LIMITATION.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT.—

  (1) IN GENERAL.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

  (2) LIMITATION AND PROHIBITION ON EXTENT OF REDUCTION.—

    (A) LIMITATION.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

    (B) EXCEPTION FOR SUBSTANTIAL ASSISTANCE.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

    (C) PROHIBITION.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) CASES INVOLVING MANDATORY MINIMUM SENTENCES AND SUBSTANTIAL ASSISTANCE.—If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of §5G1.1 (Sentencing on a Single Count of Conviction) and §5G1.2 (Sentencing on Multiple Counts of Conviction).

(d) COVERED AMENDMENTS.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371,

379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), ~~and~~ 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

(e) SPECIAL ~~INSTRUCTION~~INSTRUCTIONS.—

(1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.

(2) The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.

**Commentary**

**Application Notes:**

1. **Application of Subsection (a).—**

    (A) **Eligibility.**—Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance). Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).

    (B) **Factors for Consideration.—**

        (i) **In General.**—Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

        (ii) **Public Safety Consideration.**—The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

        (iii) **Post-Sentencing Conduct.**—The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

2. **Application of Subsection (b)(1).**—In determining the amended guideline range under subsection (b)(1), the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

3. **Application of Subsection (b)(2).**—Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1). For example, in a case in which: (A) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the term of imprisonment imposed was 70 months; and (C) the amended guideline range determined under subsection (b)(1) is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

   If the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies. Thus, if the term of imprisonment imposed in the example provided above was not a sentence of 70 months (within the guidelines range) but instead was a sentence of 56 months (constituting a downward departure or variance), the court likewise may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

   Subsection (b)(2)(B) provides an exception to this limitation, which applies if the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities. In such a case, the court may reduce the defendant's term, but the reduction is not limited by subsection (b)(2)(A) to the minimum of the amended guideline range. Instead, as provided in subsection (b)(2)(B), the court may, if appropriate, provide a reduction comparably less than the amended guideline range. Thus, if the term of imprisonment imposed in the example provided above was 56 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing), a reduction to a term of imprisonment of 41 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range) would amount to a comparable reduction and may be appropriate.

   The provisions authorizing such a government motion are §5K1.1 (Substantial Assistance to Authorities) (authorizing, upon government motion, a downward departure based on the defendant's substantial assistance); 18 U.S.C. § 3553(e) (authorizing the court, upon government motion, to impose a sentence below a statutory minimum to reflect the defendant's substantial assistance); and Fed. R. Crim. P. 35(b) (authorizing the court, upon government motion, to reduce a sentence to reflect the defendant's substantial assistance).

   In no case, however, shall the term of imprisonment be reduced below time served. *See* subsection (b)(2)(C). Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.

4. **Application of Subsection (c).**—As stated in subsection (c), if the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the

statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of §5G1.1 (Sentencing on a Single Count of Conviction) and §5G1.2 (Sentencing on Multiple Counts of Conviction). For example:

(A)  Defendant A is subject to a mandatory minimum term of imprisonment of 120 months. The original guideline range at the time of sentencing was 135 to 168 months, which is entirely above the mandatory minimum, and the court imposed a sentence of 101 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities. The court determines that the amended guideline range as calculated on the Sentencing Table is 108 to 135 months. Ordinarily, §5G1.1 would operate to restrict the amended guideline range to 120 to 135 months, to reflect the mandatory minimum term of imprisonment. For purposes of this policy statement, however, the amended guideline range remains 108 to 135 months.

To the extent the court considers it appropriate to provide a reduction comparably less than the amended guideline range pursuant to subsection (b)(2)(B), Defendant A's original sentence of 101 months amounted to a reduction of approximately 25 percent below the minimum of the original guideline range of 135 months. Therefore, an amended sentence of 81 months (representing a reduction of approximately 25 percent below the minimum of the amended guideline range of 108 months) would amount to a comparable reduction and may be appropriate.

(B)  Defendant B is subject to a mandatory minimum term of imprisonment of 120 months. The original guideline range at the time of sentencing (as calculated on the Sentencing Table) was 108 to 135 months, which was restricted by operation of §5G1.1 to a range of 120 to 135 months. *See* §5G1.1(c)(2). The court imposed a sentence of 90 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities. The court determines that the amended guideline range as calculated on the Sentencing Table is 87 to 108 months. Ordinarily, §5G1.1 would operate to restrict the amended guideline range to precisely 120 months, to reflect the mandatory minimum term of imprisonment. *See* §5G1.1(b). For purposes of this policy statement, however, the amended guideline range is considered to be 87 to 108 months (*i.e.*, unrestricted by operation of §5G1.1 and the statutory minimum of 120 months).

To the extent the court considers it appropriate to provide a reduction comparably less than the amended guideline range pursuant to subsection (b)(2)(B), Defendant B's original sentence of 90 months amounted to a reduction of approximately 25 percent below the original guideline range of 120 months. Therefore, an amended sentence of 65 months (representing a reduction of approximately 25 percent below the minimum of the amended guideline range of 87 months) would amount to a comparable reduction and may be appropriate.

5.  **Application to Amendment 750 (Parts A and C Only).**—As specified in subsection (d), the parts of Amendment 750 that are covered by this policy statement are Parts A and C only. Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine and made related revisions to the Drug Equivalency Tables (currently called Drug Conversion Tables) in the Commentary to §2D1.1 (*see* §2D1.1, comment. (n.8)). Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than 5 grams of crack cocaine was sentenced under §2D1.1.

6.  **Application to Amendment 782.**—As specified in subsection (d) and (e)(1), Amendment 782 (generally revising the Drug Quantity Table and chemical quantity tables across drug and

chemical types) is covered by this policy statement only in cases in which the order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later.

A reduction based on retroactive application of Amendment 782 that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2).

Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later.

7. **Application to Amendment 821 (Parts A and B, Subpart 1 Only).**—As specified in subsection (d), the parts of Amendment 821 that are covered by this policy statement are Parts A and B, Subpart 1 only, subject to the special instruction at subsection (e)(2). Part A amended §4A1.1 (Criminal History Category) to limit the overall criminal history impact of "status points" (*i.e.*, the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status). Part B, Subpart 1 created a new Chapter Four guideline at §4C1.1 (Adjustment for Certain Zero-Point Offenders) to provide a decrease of two levels from the offense level determined under Chapters Two and Three for defendants who did not receive any criminal history points under Chapter Four, Part A and whose instant offense did not involve specified aggravating factors.

The special instruction at subsection (e)(2) delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024. A reduction based on the retroactive application of Part A or Part B, Subpart 1 of Amendment 821 that does not comply with the requirement that the order take effect no earlier than February 1, 2024, is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2). Subsection (e)(2), however, does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before February 1, 2024, provided that any order reducing the defendant's term of imprisonment has an effective date of February 1, 2024, or later.

~~7~~8. **Supervised Release.**—

  (A) **Exclusion Relating to Revocation.**—Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

  (B) **Modification Relating to Early Termination.**—If the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection (b)(1) shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that

would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

~~8~~9.   **Use of Policy Statement in Effect on Date of Reduction.**—Consistent with subsection (a) of §1B1.11 (Use of Guidelines Manual in Effect on Date of Sentencing), the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

**Background:** Section 3582(c)(2) of title 18, United States Code, provides: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

This policy statement provides guidance and limitations for a court when considering a motion under 18 U.S.C. § 3582(c)(2) and implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." The Supreme Court has concluded that proceedings under section 3582(c)(2) are not governed by *United States v. Booker*, 543 U.S. 220 (2005), and this policy statement remains binding on courts in such proceedings. *See Dillon v. United States*, 560 U.S. 817 (2010).

Among the factors considered by the Commission in selecting the amendments included in subsection (d) were the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under subsection (b)(1).

The listing of an amendment in subsection (d) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

The Commission has not included in this policy statement amendments that generally reduce the maximum of the guideline range by less than six months. This criterion is in accord with the legislative history of 28 U.S.C. § 994(u) (formerly § 994(t)), which states: "It should be noted that the Committee does not expect that the Commission will recommend adjusting existing sentences under the provision when guidelines are simply refined in a way that might cause isolated instances of existing sentences falling above the old guidelines[*] or when there is only a minor downward adjustment in the guidelines. The Committee does not believe the courts should be burdened with adjustments in these cases." S. Rep. 225, 98th Cong., 1st Sess. 180 (1983).

[*]*So* in original. Probably should be "to fall above the amended guidelines".

\*   \*   \*